**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| K.M.A., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SANTA CRUZ, et al.,<br><br>    Defendants. | Case No. 17-cv-02090-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT, WITH LEAVE TO AMEND**<br><br>[Re: ECF 13] |

Defendants move to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated on the record at the hearing on October 12, 2017 and discussed below, the motion is GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND.

**I.  BACKGROUND[1]**

This action arises from the fatal shooting of Sean Smith Arlt ("Arlt") by a Santa Cruz police officer responding to a 911 call from the home of Arlt's long-time friends Bob and Arlene Shaw. Bob Shaw placed the call on October 16, 2016 after Arlt appeared at the Shaw home, pounded on the door, and said he was "Jesus Christ Superstar." Compl. ¶ 24, ECF 1. Shaw specifically informed the 911 dispatcher that Arlt was mentally unstable. *Id.* Several Santa Cruz police officers responded, including Sergeant Bill Clayton ("Clayton"), Erik Bailey ("Bailey"), Denise Cockrum ("Cockrum"), and Adam Baker ("Baker"). *Id.* ¶ 25. Arlt had picked up a garden rake and started walking down the Shaws' driveway with the rake held over his head. *Id.* ¶ 26. Two unnamed officers deployed Tasers. *Id.* Bailey fired two shots, hitting Arlt in the head and causing his death. *Id.* ¶¶ 26-27.

---

[1] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

This lawsuit was filed on April 14, 2017 on behalf of Arlt's minor son, K.M.A., by and through his mother and next friend Dacia Marler; Arlt's father, Jeffrey Arlt; and Arlt's mother, Stacey Smith. Compl., ECF 1. The complaint names as defendants Clayton, Bailey, Cockrum, and Baker; Santa Cruz Police Chief Kevin Vogel ("Vogel"); and the City of Santa Cruz ("the City"). *Id.* The complaint asserts the following claims: (1) a § 1983 claim[2] by all plaintiffs against Bailey, Clayton, Cockrum, and Baker; (2) a § 1983 claim by all plaintiffs against Vogel for supervisory liability and against the City under *Monell*[3]; (3) a Bane Act claim by all plaintiffs against Bailey, Clayton, Cockrum, Baker, and the City; (4) a negligence claim by K.M.A. against all defendants; (5) an assault and battery claim by K.M.A. against Bailey, Clayton, Cockrum, Baker, and the City; and (6) a claim for violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") by K.M.A. against the City.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the

---

[2] 42 U.S.C. § 1983.

[3] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendants assert that the complaint fails to meet these standards, pointing out several paragraphs of the complaint which Defendants argue contain technical defects or inadequate factual allegations. The Court discussed the asserted deficiencies in detail at the hearing, indicating which require amendment and why, and Plaintiffs' counsel stated that the deficiencies identified by the Court could be cured by amendment. This order summarizes the discussion on the record and memorializes the Court's ruling.

### A. § 1983 Claim against Officers (Claim 1)

The Court agrees with Defendants that Claim 1, a § 1983 claim asserted against Bailey, Clayton, Cockrum, and Baker, is deficient on several grounds. First, the complaint does not establish that K.M.A. is Arlt's successor in interest with standing to bring a survival action. The Court notes that this pleading defect easily can be cured because K.M.A. now has obtained the affidavit required under California law to pursue a survival action. *See* Cal. Civ. P. Code § 377.32. Second, the claim improperly asserts Arlt's rights to be free from unreasonable search and seizure under both the Fourth and Fourteenth Amendments when the claim properly is analyzed only under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394-95 (U.S. 1989) (excessive force claim properly analyzed under the Fourth Amendment, not the Fourteenth Amendment). The claim asserts that all four officers used excessive force but the complaint does not allege facts showing use of force by any officer except Bailey. *See* Compl. ¶ 26. The allegation that unnamed officers deployed Tasers is insufficient to state a claim for excessive force against Clayton, Cockrum, or Baker. *See id.* The allegations that Clayton, Cockrum, and Baker were "fundamentally involved" and were "integral participants" in the shooting are conclusory. *See id.* ¶ 28. Finally, to the extent that the claim asserts interference with rights to familial association under the First and Fourteenth Amendments, the alleged interference is grounded in the excessive force claim and fails with that claim.

Accordingly, the motion to dismiss is GRANTED as to Claim 1.

**B.    § 1983 Claim against Vogel and the City (Claim 2)**

Defendants contend that Claim 2, a § 1983 claim asserted against Vogel under the theory of supervisory liability and against the City under *Monell*, also is deficient. The Court agrees that the complaint does not make out a claim against Vogel in his individual capacity because it does not allege facts establishing the requisite nexus between Vogel's conduct and the alleged constitutional violations committed by Bailey and the other officers. *See Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). However, the *Monell* claim against the City is adequate for pleading purposes, as the complaint states the alleged policies, practices, and conduct that form the bases for the claim. *See* Compl. ¶ 42.

The motion to dismiss is GRANTED IN PART AND DENIED IN PART as to Claim 2.

**C.    Bane Act (Claim 3)**

The Court agrees with Defendants that Claim 3, alleging violation of the Bane Act, Cal. Civ. Code § 52.1, improperly is asserted on behalf of all plaintiffs. Relief under the Bane Act "is limited to plaintiffs who themselves have been the subject of violence or threats." *BART Dist. v. Sup. Ct.*, 38 Cal. App. 4th 141, 144 (1995). Therefore it may be asserted only on Arlt's behalf. Defendants argue that the claim is insufficient even as to Arlt, because it does not allege violence or intimidation by threat of violence. However, the Court finds the allegations that the officers threatened Arlt to be adequate. *See* Compl. ¶ 49.

The motion to dismiss is GRANTED IN PART AND DENIED IN PART as to Claim 3.

**D.    Negligence (Claim 4), Assault and Battery (Claim 5), and ADA/RA (Claim 6)**

The Court is not persuaded by Defendants' arguments regarding Plaintiffs' remaining claims for negligence (Claim 4), assault and battery (Claim 5), and violations of the ADA and RA (Claim 6). In the Court's view, those claims are alleged with adequate specificity to satisfy the applicable pleading standards. The facts alleged, if proved, could give rise to liability for negligence under state law, which considers all circumstances surrounding the use of deadly force. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 638-39 (2013). Liability for assault and battery will lie if Plaintiffs prove their claim of excessive force. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998). While it has identified defects in the excessive force claim, the Court

fully expects that those defects will be cured by amendment and that the excessive force claim will go forward.  Finally, the Court is satisfied that Plaintiffs have alleged with adequate specificity what reasonable accommodations could have been, but were not, made for Arlt's mental illness. *See* Compl. ¶¶ 28-29.  While those allegations appear in the complaint's general allegations, they are incorporated into the claim for violations of the ADA and RA.

Accordingly, the motion to dismiss is DENIED as to Claims 4, 5, and 6.

**IV. ORDER**

For the reasons discussed above,

(1) The motion to dismiss is GRANTED as to Claim 1, GRANTED IN PART AND DENIED IN PART as to Claims 2 and 3, and DENIED as to Claims 4, 5, and 6.

(2) Leave to amend is GRANTED, and any amended pleading shall be filed on or before November 3, 2017; and

(3) Leave to amend is limited to the deficiencies identified in this order.  No parties or claims may be added without express leave of the Court.

Dated:  October 13, 2017

_____
BETH LABSON FREEMAN
United States District Judge