UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| K.M.A., et al., | Case No. 17-cv-02090-LB |
| Plaintiffs, | |
| v. | **ORDER APPROVING MINOR'S COMPROMISE** |
| CITY OF SANTA CRUZ, et al., | Re: ECF No. 66 |
| Defendants. | |

## INTRODUCTION

This is a civil-rights and wrongful-death case arising from the death of plaintiff K.M.A.'s father, Sean Smith Arlt, who was shot and killed by a Santa Cruz police officer in October 2016.[1] Plaintiff K.M.A., by and through his mother Dacia Marler, settled K.M.A.'a claims following two settlement conferences with the undersigned.[2] After the settlement, the parties stipulated that the undersigned should exercise jurisdiction over the remainder of the case.[3] Counsel for K.M.A. filed

---

[1] Mot. to Approve Minor's Compromise – ECF No. 66 at 2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 4.

[3] Stipulation – ECF No. 61; Order – ECF No. 62.

ORDER – No. 17-cv-02090-LB

an unopposed motion to approve a minor's compromise.[4] The court can decide the motion without oral argument, *see* N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

**ANALYSIS**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P .17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district court should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

The settlement terms are as follows. The gross settlement amount is a total of $1,600,000 split into three parts: (1) $400,000 for plaintiff Jeffrey Arlt; (2) $400,000 for plaintiff Stacey Smith; and (3) $800,000 for plaintiff K.M.A..[5] The parties agreed to settle K.M.A.'s claim for a structured settlement annuity with a present value of $596,994.77.[6]

---

[4] Mot. to Approve Minor's Compromise – ECF No. 66 at 1.

[5] *Id.* at 4.

[6] *Id.*

ORDER – No. 17-cv-02090-LB  2

The court is presented with three options for distribution of the settlement to K.M.A. (one proposed by Ms. Marler and two proposed by K.M.A.'s counsel).[7] The court finds that Option B is in K.M.A.'s best interests. Option B provides that the payments will be structured as follows:

> $15,000 when K.M.A. turns 18, which he could use to buy a car;
>
> $25,000 twice a year for four years beginning the summer after his 18th birthday, which he could use to pay for college;
>
> $1,200 per month beginning August 1, 2031, guaranteed for 11 years and 4 months, ending on November 1, 2042;
>
> $1,750 per month guaranteed for life starting on his 30th birthday, November 15, 2042, and guaranteed for 20 years [in the event K.M.A. died prematurely his remaining guaranteed monthly payments would go to his designated beneficiary until October 15, 2062]; . . .
>
> $25,000 on his 22nd birthday;
>
> $50,000 on his 25th birthday;
>
> $350,000 on his 30th birthday.[8]

This option "provides guaranteed monthly income for life and lump sum payments, providing K.M.A. with lifetime financial security."[9] K.M.A. will be charged $3,060.32 for litigation costs and $200,000 for attorney's fees (25% of K.M.A.'s settlement).[10] In light of the benefit that the minor child has received in the litigation, and for the reasons advanced in the motion for approval, the court finds that the settlement is reasonable, and the attorney's fees and costs are reasonable and appropriate.

## CONCLUSION

The court orders that the settlement be implemented according to Option B (as described above and in the motion). The court orders all parties to complete all necessary documents for defendants to fund the structured settlement annuities, including the required Qualified

---

[7] *Id.* at 5–10.

[8] Sherwin Decl. Ex. B – ECF No. 67-2 at 2.

[9] Mot. to Approve Minor's Compromise – ECF No. 66 at 9.

[10] *Id.* 10–11.

1  Assignment forms, promptly. The court also orders the defendants to provide a check in the
2  amount of $1,003,005.23 (the settlement proceeds that are not being structured) made payable to
3  "Haddad & Sherwin Client LLP Trust Account f/b/o Haddad & Sherwin LLP, Jeffrey Arlt and
4  Stacey Smith" to arrive at the offices of Haddad & Sherwin LLP no later than fifteen days from
5  this order.

**IT IS SO ORDERED.**

Dated: April 29, 2019



LAUREL BEELER
United States Magistrate Judge